IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03008-M-RJ

| | |
|---|---|
| SCOTT DEVON HEMPHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| OFFICER BRUNO, et al., ) | |
| ) | |
| Defendants. ) | |

This cause is before the court on several non-dispositive motions, [D.E. 31, 32, 36, 38, 43].

Relevant Procedural History:

On January 11, 2023, Scott Devon Hemphill ("plaintiff"), a pretrial detainee proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 7].

On April 13, 2023, the court allowed the complaint to proceed. Order [D.E. 10].

On September 27, 2023, defendants answered the complaint. Answer [D.E. 27].

On October 2, 2023, the court entered a scheduling order. Order [D.E. 30] (setting a discovery deadline of Jan. 2, 2024, and a dispositive motion deadline of Feb. 1, 2024).

On February 1, 2024, defendants moved to extend time to file dispositive motions. Mot. [D.E. 29]. The court granted the motion. Order [D.E. 30] (extending deadline to Mar. 1, 2024).

On February 20, 2024, plaintiff moved to compel discovery. Mot. [D.E. 31].

On February 26, 2024, defendants moved for a protective order, Mot. [D.E. 32], filed a memorandum in support, [D.E. 33], and moved for an extension of time to file dispositive motions, Mot. [D.E. 34]. The court granted the motion for an extension of time. Order [D.E. 35].

On March 5, 2024, plaintiff filed a self-styled "motion for entry of default & default judgment / fees pro se counsel for / request of order(s) [sic]," Mot. [D.E. 36], and defendants filed a response in opposition to plaintiff's motion to compel discovery, see Defs.' Resp. [D.E. 37].

On March 11, 2024, plaintiff filed a self-styled "motion for objection to extension of time by defendants & for order to compel discovery [sic]." Mot. [D.E. 38].

On March 25, 2024, defendants filed a response in opposition to plaintiff's motions dated March 5 and 11, 2024. See Defs.' Resp. [D.E. 39].

On April 1, 2024, defendants moved for an extension of time to file dispositive motions, Mot. [D.E. 40]. The court granted this motion. Order [D.E. 41] (extending the dispositive motion deadline to May. 1, 2024).

On April 19, 2024, plaintiff filed a discovery request [D.E. 42], and a self-styled "request for discovery meeting [sic]," Mot. [D.E. 43].

Discussion:

The court first considers plaintiff's out-of-time motions to compel discovery, see Mot. [D.E. 31], Mot. [D.E. 38], and defendants' motion for a protective order, see Mot. [D.E. 32].

The court credits plaintiff's averment that he sent discovery requests circa October 16, 2023, see [D.E. 31-2], and counsel's response that the requests were not received, see [D.E. 37], finds these untimely motions to compel were the product of excusable neglect, and grants plaintiff a commensurate enlargement of time, Lovelace v. Lee, 472 F.3d 174, 203 (4th Cir. 2006) ("A district court has discretion to grant an enlargement of time 'upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect.'" (quoting Fed. R. Civ. P. 6(b)); see In re MI Windows & Doors, Inc., Prod. Liab. Litig., 860 F.3d 218, 226

2

(4th Cir. 2017) (discussing excusable neglect); Harrison v. City of Greenville, No. 4:15-CV-17-BO, 2016 WL 4523901, at *3 (E.D.N.C. Aug. 22, 2016) ("Excusable neglect is a flexible concept which includes inadvertence, mistake, and carelessness . . . ." (internal citations omitted)).

Next, federal Rule of Civil Procedure 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Hickman v. Taylor, 329 U.S. 495, 507 (1947). A litigant, however, may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). The court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995); see Erdmann v. Preferred Research Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988).

After review, the court finds that plaintiff made a good faith effort to resolve discovery disputes before filing the instant motions to compel discovery, see Fed. R. Civ. P. 37(a)(1), E.D.N.C. Local Civil Rule 7.1.(c)(2), that his January 28, 2024, interrogatories, requests for production, and requests for admission are proportional to the needs of the case and reasonably calculated to lead to the discovery of admissible evidence, see [D.E. 33-1], and that defendants have not met their burden of showing why the motions to compel should not be granted, see

3

Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010), or otherwise shown that they will be prejudiced by responding to plaintiff's January 28, 2024, requests. Thus, the court DENIES defendants' motion for a protective order [D.E. 32], and GRANTS IN PART plaintiff's motions to compel discovery [D.E. 31, 38], directing defendants to respond to plaintiff's January 28, 2024, interrogatories, production requests, and requests for admission as noted below.

Next, because defendants answered the complaint in the time allowed by the court, see Order [D.E. 20]; Order [D.E. 26]; Answer [D.E. 27], the court summarily DENIES plaintiff's motion seeking entry of default and default judgment [D.E. 36].

Finally, the court, in its discretion, DENIES the motion seeking a "discovery meeting" [D.E. 43], see McCargo v. Hedrick, 545 F.2d 393, 397 (4th Cir. 1976) (noting pretrial conference under Fed. R. Civ. P. 16 is not compulsory).

Conclusion:

In sum, the court: DENIES defendants' motion for a protective order [D.E. 32]; GRANTS plaintiff an enlargement of time for his motions to compel discovery, see Fed. R. Civ. P. 6(b); Lovelace, 472 F.3d at 203, GRANTS IN PART these motions [D.E. 31, 38], and DIRECTS defendants, not later than May 24, 2024, to answer plaintiff's January 28, 2024, interrogatories, production requests, and requests for admission; DENIES plaintiff's motion for entry of default and default judgment [D.E. 36]; DENIES plaintiff's motion for a discovery meeting [D.E. 43]; and EXTENDS the deadline for dispositive motions until June 24, 2024.

SO ORDERED this 24th day of April, 2024.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge

4