IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03008-M-RJ

SCOTT DEVON HEMPHILL,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　　ORDER
　　　　　　　　　　　　　　　　　　)
OFFICER BRUNO, et al.,　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　 )

This cause is before the court on plaintiff's June 20, 2024, motion to compel and for discovery-related sanctions. See Mot. [D.E. 45]. Defendant opposes the motion. [D.E. 49].

The court reviews this motion under the governing standard. See Fed. R. Civ. P. 26(b)(1), 34, 37(a); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Rsch., Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010).

Although plaintiff seeks to compel defendants to answer additional interrogatories and produce additional documents, see [D.E. 45], the court finds that plaintiff's instant requests either were adequately responded to by defendants' prior response, see Defs.' Resp. Attach. [D.E. 49-2], or that these requests are not relevant or not "proportional to the needs of the case," Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019), cert. denied, 140 S. Ct. 672 (2019).

Thus, the court finds that defendants have "made a particularized showing why discovery should be denied," Johnson v. N.C. Dep't of Justice, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (citation omitted), and that the requested sanctions are inappropriate

under the governing standard, see Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001).

Alternatively, the court denies this motion due to plaintiff's failure to comply with federal and local rules because he fails to certify attempts to meet and confer with defendants regarding these requests, see Fed. R. Civ. P. 37(a)(1), or "that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions," E.D.N.C. Local Civil Rule 7.1(c)(2), see Boykin Anchor Co., Inc. v. Wong, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011) (describing discovery requirements under both federal and local rules).

Accordingly, the court, in its discretion, DENIES plaintiff's June 20, 2024, motion to compel [D.E. 45]. See Lone Star, 43 F.3d at 929; Erdmann, 852 F.2d at 792; see also English v. Johns, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014).

The court now turns to plaintiff's September 13, 2024, self-styled "motion in response to defendant's motion to compel the plaintiff never [received] [sic]." Mot. [D.E. 50] (requesting, *inter alia*, that defendants "re-send" him "any request" and answer additional discovery requests).

Because, as discussed above, the court denies the June 20, 2024, motion to compel, the court likewise DENIES this motion [D.E. 50].

Finally, the court LIFTS the stay of the dispositive motion deadline and AMENDS the scheduling order as follows: All motions, except those relating to the admissibility of evidence at trial, shall be filed by March 3, 2025.

SO ORDERED this 29th day of January, 2025.

RICHARD E. MYERS II
Chief United States District Judge